## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

DEREK GENDRON, IN PRO PER
LYNN GENDRON, IN PRO PER

      Plaintiff(s),

      v.

PARC AT MURFREESBORO POE LLC
      also known as Parc at Murfreesboro Apts
AMERICAN LANDMARK MANAGEMENT LLC
      also known as American Landmark Apartments,
      also known as American Landmark Properties,
PEGASUS RESIDENTIAL LLC,
COLUMBIA DEBT RECOVERY LLC
      doing business as Genesis

      Defendants,

CASE NO.: 3-24CV-674
JURY TRIAL DEMAND
Honorable

## AMENDED COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND OTHER EQUITABLE RELIEF

### INTRODUCTION

Plaintiffs Derek Gendron and Lynn Gendron bring this complaint against Defendants

Parc at Murfreesboro POE LLC also known as Parc at Mufreesboro Arts, American Landmark

Management LLC also known as American Landmark Apartments, also known as American

Landmark Properties, Pegasus Residential LLC, and Columbia Debt Recovery LLC, also known

as "Genesis" for violations of the Fair Debt Collection Practices Act (FDCPA), the Fair Credit

1

Reporting Act (FCRA), the Tennessee Consumer Protection Act, and other state laws. Plaintiffs seek $120,000 in damages, punitive damages and other equitable relief.

**OVERVIEW**

Plaintiffs Derek Gendron and Lynn Gendron are individuals residing in the State of Tennessee. Defendant Parc at Murfreesboro is a residential apartment complex in Murfreesboro, TN in which Plaintiffs negotiated and signed and paid to reside. Pegasus Residential appears to be a property management firm that was managing Parc at Murfreesboro through August, 2021 during the Plaintiffs lease. American Landmark Properties (also using alias American Landmark Apartments) appears to be a property management firm presently managing Parc at Murfreesboro, also managing the complex during the Plaintiffs lease.

In early 2021, the Plaintiffs, having disposable income and seeking a quality living experience, approached Parc at Murfreesboro, marketed as a newly completed "Premier luxury apartment complex." Tyler Gentry and other staff members at Parc at Murfreesboro (managed by Pegasus Residential) embellished the quality of the complex. The Plaintiffs utilized a service called Rentgrata, which worked with Parc at Murfreesboro to offer a $300 referral fee for residents referring new tenants. However, despite qualifying by engaging in a conversation with a current tenant "Matthew", the Plaintiffs never received this referral bonus. Plaintiffs referred their son to Defendants Parc, who moved into the Parc at Murfreesboro. Defendants Parc never paid the referral bonus to either Plaintiffs or son. The full extent of the Defendants fraud and other misdeeds will be revealed through extensive discovery.

On many dates throughout their lease period, the Plaintiffs faced numerous issues that significantly contrasted the promised "luxury" experience. These included feces in the halls and on elevator doors, ant infestations, early morning construction noise, incessant door postings, letters, and emails. Plaintiffs also had to deal with the Defendants persistent attempts at "renovations" by Defendants Parc, Pegasus of their "new" apartment. Despite Plaintiffs paying rent and trash service fees timely to Defendants Parc, Pegasus, American, trash was rarely picked up consistently. Plaintiffs request to Defendants Parc, Pegasus, American for financial credits for these lapses were outright denied. When new management took over, the previous support records between Plaintiffs and Defendants Parc, Pegasus conveniently went offline. And when the Plaintiffs asked the new management team (now American Landmark Properties) about the referral bonuses, they demanded proof and blatantly said they were unaware of any such bonus.

The Plaintiffs' numerous complaints as evidenced in emails, tickets and more to be presented were often met with dismissiveness or outright denial by Defendants Parc, American, Pegasus. In response to a complaint about an "administrative fee" on their monthly statements, Defendant Parc, Pegasus retaliated by towing the Plaintiffs' son's vehicle, despite the vehicle having a valid parking pass. The Tennessee Attorney General's office found that Defendant Parc violated the law and had to refund the illegal fees. This clear act of retaliation, among other issues, exemplified the mismanagement and fraudulent behavior of the Defendant Parc, Pegasus, American.

3

Moreover, Defendant Parc, Pegasus, American breached their contract by retaining the security deposit without justification. They allegedly staged what appeared to be an unclean and unkept move-out condition in order to further unjust enrichment. Plaintiffs have videos, pictures and witnesses to the contrary. Defendant Parc, Pegasus, American have shared the Plaintiffs' personal information with third parties for marketing purposes and allegedly to benefit financially as a result, leading to an influx of unsolicited communications to Plaintiffs. The Plaintiffs had to endure the mental anguish and inconvenience of unsubscribing and demanding the cessation of these illegal practices. However, the emails continue to this day from companies like Spruce and Rentplus and the Plaintiffs cannot stop the influx of spam as a result of Defendant Parc, Pegasus, American's conduct.

The mismanagement by Defendant Parc, Pegasus, American extended to being locked out of amenities such as the gym, clubhouse, grills, carwash, and pool, and even coming and going in the parking lot, further impairing their enjoyment and use of the facilities. These dates, times and tickets will be presented as evidence through discovery as Plaintiffs have been locked out of the ticketing center by Defendant Parc, Pegasus, American. These breaches, coupled with constant harassment by Defendant Parc, Pegasus, American, compelled the Plaintiffs to move out, although they continued to suffer from the complex's malpractices.

Defendant Parc, Pegasus, American have placed the "alleged debt" with a collection agency to further their unjust enrichment. Defendant Columbia has compounded the Plaintiffs' grievances by violating both the Fair Debt Collection Practices Act (FDCPA) and the Fair Credit

4

Reporting Act (FCRA). The Defendant Columbia failed to provide the required notice and opportunity to dispute the alleged debt before reporting it to credit bureaus, an essential step mandated by the FDCPA. Instead, the Defendant Columbia immediately reported the debt, causing substantial damage to both Plaintiffs' credit reports. This premature reporting has led to significant financial harm, including missed opportunities for home purchases and higher interest rates on credit lines. Despite receiving multiple cease-and-desist notices from the Plaintiffs, the Defendant Columbia continues its aggressive collection efforts, blatantly ignoring their legal obligations and exacerbating the Plaintiffs' financial distress. Plaintiffs received a collection notice from Columbia Debt Recovery LLC, claiming to operating under the DBA Genesis. Upon investigation, Plaintiffs discovered that Genesis Credit Management LLC is listed as voluntarily dissolved and Genesis Credit, LLC is listed as administratively dissolved in the state of Washington. Despite this, the collection notice continues to use "Genesis" in a manner that appears deceptive and misleading. Defendant Columbia's actions represent clear and factual violations of both the FDCPA and FCRA, necessitating judicial intervention to prevent further harm and hold the Defendant Columbia accountable for their unlawful practices.

The Plaintiffs understand that it is reasonable to expect noise, and some inconvenience in a community type apartment complex. However, plaintiff did not anticipate the apartment complex being such an important part of the problem, and so many different levels from fraud, improper billing, mismanagement, and negligence to name a few. The Plaintiffs expected the agony of living at Parc at Murfreesboro to end upon moving out, but that is not reality. Their mismanagement, fraud and financial unjust enrichment is following the Plaintiffs around.

5

The Plaintiffs attempted to resolve the matter through a series of letters, certified mail disputing the credit listing and even filing a complaint with the credit bureaus themselves, but the Defendants have maintained that the alleged debt is valid. Exhausting all other remedies, the Plaintiffs now seek the court's intervention for relief and reimbursement for the ongoing harm. Plaintiffs contacted the Defendants with a request to arbitrate the matter in lieu of filing this action and wasting the Court's precious time, but the requests were ignored by all Defendants, leaving this action as the Plaintiffs only recourse.

## JURISDICTION AND VENUE

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d) because the claims arise under federal statutes, including the Fair Debt Collection Practices Act (FDCPA) and the Fair Credit Reporting Act (FCRA). The Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

Venue is proper in this district under 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to the claims occurred in this district.

## FACTUAL ALLEGATIONS

1. Plaintiffs were searching for a premier apartment complex and were referred by Rentgrata to Defendant Parc on a $300 bonus type referral program. [EXHIBIT A] Plaintiffs

engaged Rentgrata based on sales material that indicated, "Park at Murfreesboro has invited you to join Rentgrata!" And "You are now able to earn referral rewards worth up to $300 by simply responding to questions…". Plaintiffs engaged with a resident of Defendant Parc, thereby earning a fee for both Plaintiffs and the resident, "Matthew" [EXHIBIT F].

2.      Defendants Parc reached out to Plaintiffs via email on April 4, 2021 with the email signature representing www.PegasusResidential.com. This email confirmed that we contacted them through Rentgrata and they "return your email as soon as I can". [EXHIBIT B]

3.      Defendants Parc, by a Tyler Gentry emailed the Plaintiffs on April 5, 2021, stating "a brand new luxury apartment". [EXHIBIT C]. Defendants Parc presented a quote to Plaintiffs with a "Portal account" login area. [EXHIBIT D].

4.      Plaintiffs entered into a lease agreement for apartment unit 2308 at Defendants Parc, marketed as a "Premier" and "Luxury" apartment complex. [EXHIBIT E].

5.      Plaintiffs secured the required Renters policy on April 30, 2021 naming Interested parties, the Defendants Parc and Defendants Pegasus. [EXHIBIT G].

6.      Plaintiffs filled out the move-in checklist and submitted it on April 30, 2021. Defendant Parc signed the move in checklist on May 1, 2021. [EXHIBIT H].

7.      Despite representations of luxury [EXHIBIT C], Plaintiffs experienced numerous issues including noise, missed trash pickups, feces in the hall and elevator, uncleanliness, ant infestations, parking issues [EXHIBIT HHH], negligence by Defendant Parc that allegedly caused frozen pipes in the carwash, broken equipment [EXHIBIT JJJ], and unfinished installations.  [EXHIBIT M, P, R].  On October 11, 2021 another notice was sent by Defendant Parc to Plaintiff citing a surprising statement for a brand new apartment,"We are so exited to announce the renovations in your apartment.", [EXHIBIT T, R].

8.      Plaintiffs paid full rent and charges for services to Defendants Park and Defendants Pegasus including a trash service that was inconsistently provided, resulting in the need to deliver trash to an unkept trash area. [EXHIBIT K, L, M, S].

9.      Defendant Parc, Defendant Pegasus failed to fulfill promises made in the lease agreement and other communications, including "admin fees" and "service fees", referral fees and the conditions of the living environment. [EXHIBIT I, J, M, N, O, P, ]

10.     Defendants Parc, Defendants Pegasus, without authorization or notice to Plaintiffs, shared the Plaintiffs' personal and private contract information and work email address with a company called Spruce.  [EXHIBIT V].  Plaintiffs wrote a letter to the Defendants Parc, Defendants Pegasus on October 12, 2021 of their complaint about entering unit for renovations, spam, Spruce sharing and access issues, noise issues and feces in hallways and elevator.

Plaintiffs made it clear in said letter of disruption and anguish of notices, email, sharing Plaintiffs' private and confidential information and more. [EXHIBIT X].

11.     Defendant Parc emailed a response to [EXHIBIT X] letter on October 12, 2021 from Anna Polzin, Apolzin@alaps.com. This email goes to the Defendant American Landmark Properties (aka Apartments) apologizing for the inconveniences, confirming access issues and also confirming the Spruce subscription, advising Plaintiffs to "unsubscribe". The email also made the statement, "..we hope that your experience going forward improves with the new management team." [EXHIBIT Y].

12.     Plaintiffs attempted to access the online portal outlined in the lease [EXHIBIT E] to submit tickets, print previous evidentiary tickets to provide to the Tennessee Attorney General's office regarding communications. On or before October 18, 2021 this online portal was allegedly taken offline. [EXHIBIT Z].

13.     Plaintiffs could not get a resolution to the mandatory admin fees added to their monthly portal amounts due, so they filed a complaint with the Tennessee Attorney Generals office on October 18, 2021. [EXHIBIT AA].

14.     Defendants Parc, Defendants American replied by email that "you should be able to still log into that platform to see your communication", referencing the online portal referenced in

9

lease agreement [EXHIBIT E]. Anna Polizn recommended that Plaintiffs "reach out to Pegasus Residential". [EXHIBIT BB].

15. Six days after receiving and email from Plaintiffs to stop sharing private information with third parties on October 26, 2021, Defendants Parc, Defendants American, without authorization or notice to Plaintiffs, again shared the Plaintiffs' contract information and work email address. This new shared company called Biltrewards would continue to spam Plaintiffs. [EXHIBIT CC].

16. Plaintiffs, being fed up with complete loss of peaceful enjoyment and excessive intrusions, wrote a letter to Defendants Parc dated October 30, 2021 CERTIFIED RETURN RECEIPT MAIL 70202450000111885624 demanding a remedy. [EXHIBIT DD]. The letter lodged the formal complaint on Ant infestation, Privacy violation/spam, Dog nuisance, unclean halls /elevators, Misrepresentation of high end community, missed trash pickups, gate not working and abusive use of communications with Plaintiffs.

17. Plaintiffs continued to pay rents to Defendants Parc, Defendants Pegasus, Defendants American, cable service (although cable service was never a service offered), Pest control, and Valet trash as well as a "Service fee" to Conserve. [EXHIBIT EE].

18. Defendant American, wrote a letter signed by a Kristen Johnson, Regional Property Manager. In that letter they confirmed items of complaint by the Plaintiffs such as Ant Infestation, Privacy violation/Spam, dog nuisance, unclean halls/elevators, missed trash pickups,

gate not working, Admin fee and parking pass. She confirmed that the Admin fee was "not an allowable service fee" but refused any other credit. [EXHIBIT FF].

19.     On November 19, 2021, Defendants Parc, Defendants American, without authorization or notice to Plaintiffs, again shared the Plaintiffs' contract information and work email address. This new shared company called Rentplus.com would continue to spam Plaintiffs. [EXHIBIT GG].

20.     On December 8, 2021 the State of Tennessee Division of Consumer Affairs refers responded and agreed that "paragraph three of the utility addendum explicitly states that you will not be charged any money for a monthly administrative billing fee". [EXHIBIT HH].

21.  On December 14, 2021 another document was posted to the door of the Plaintiffs' residence by Defendants Parc, Defendants American. [EXHIBIT KK].

22.  In late December 2021, another document and attempts at intrusion was posted to the door of the Plaintiffs residence by Defendants Parc, Defendants American, saying "After many attempts to fix your smart home technology with the construction team - we are taking matters into our own hands to troubleshoot the issue." [EXHIBIT LL].

23.  After Plaintiffs continued filing complaints with Defendants Parc, American about the missed and Plaintiffs paid for trash pickup service, an email from Elisabeth Sikora was sent to

11

Plaintiffs that read, "...I can only do so much on my end." The email suggested that the Plaintiffs deal with the company and call them. [EXHIBIT MM].

24. Defendants Parc, Defendants American emailed Plaintiffs shows that the credit was applied for the illegally applied admin charge, without apology. In that email, Elisabeth Sikorsa also again suggested that the Plaintiffs call Valet Living and solve the problem of missed trash pickup. [EXHIBIT NN].

25. Defendants Parc, Defendants American emailed Plaintiffs confirming grills were in operational, coming speed bumps, access issues to Clubhouse and pools and Gatewise system [EXHIBIT JJJ], confirming noise levels. The email states, "Valet Living has done a dissatisfying job at the park community recently...". [EXHIBIT PP]

26. Plaintiffs notified management of Defendants Parc, Defendants American emailed or loud construction noise at 7:27 am. The Defendants Parc, Defendants American emailed responded saying that it was basically, allowed. [EXHIBIT QQ]

27. Plaintiffs in a continual effort to get paid the referral bonus, that neither Plaintiffs nor "Matthew" received a bonus, Anna Polzin of Defendants Parc, Defendants American emailed a response on March 2, 2022 requesting that Plaintiffs produce "documentation" of the referral program in order to take care of it. [EXHIBIT RR].

28. Defendants Parc, Defendants American emailed apologizing to community for "difficulties entering and exciting the community today due to the speed bump installation." [EXHIBIT SS]. The Speedbump issued prevented Plaintiffs and others (to be documented through extensive discovery) from driving in or out of community. [EXHIBIT III].

29. Plaintiffs again emailed Defendants Parc, Defendants American about the referral bonus fee due and Anna Polzin responded curtly, "this is my second request for you to provide documentation showing proof that there was said, referral fee promised into whom the fee was to be paid out to you." [EXHIBIT TT].

30. Due to a deterioration in health because of the breach of contract and claims against Defendants provided herein with Defendants Parc, Defendants American, Defendants Pegasus, Plaintiffs made the decision to move out. On April 15, 2022 the Plaintiffs cleaned out and vacated the apartment despite having paid rent through April 30, 2022. Keys to the apartment and mailbox were left on the counter as photographed. Plaintiffs entered into a lease with a new landlord staring April 15, 2022.

31. On April 15, 2022 Plaintiffs filled out the Move-out checklist and mailed it to Defendants Parc, Defendants American with a regular postage stamp. [EXHIBIT OKA]

32. May 6, 2022 Defendants Parc, Defendants American mailed a Notice to Pay. [EXHIBIT UU].

33.     May 7, 2022 Defendants Parc, Defendants American gave another third and unauthorized party Plaintiffs' confidential email and identifiers.  On May 7, 2022 an email was sent to Plaintiffs work email from the "Leasing office" but at the bottom of the paperwork it said, "Multifamily Internet Ventures LLC" claiming "NOTICE: YOU ARE NO LONGER IN COMPLIANCE WITH THE TERMS OF YOUR LEASE".  [EXHIBIT VV]

34.     Defendants Parc, Defendants American placed the alleged debt with Defendant Columbia Debt Recovery LLC DBA Genesis on June 29, 2022.  Defendant Columbia failed to send the mandatory 30-day notice as required by the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681g. [EXHIBIT WW].

35.     Plaintiffs realized the reporting on the credit report on February 23, 2024 and wrote a letter to Defendant Columbia, CERTIFIED RETURN RECEIPT MAIL 70202450000111885563. This letter was an unwavering dispute, notice to cease and desist and to remove the listing damaging Plaintiffs credit and a separate Preservation of Evidence Demand.  [EXHIBIT AAA].

36.     Plaintiffs credit report shows that the "Date reported" was May 28, 2024. [EXHIBIT LLL].  Plaintiffs' credit was adversely affected due to derogatory marks on both Plaintiffs' credit reports, denial of credit opportunities, higher interest rates, and higher insurance rates directly attributable to the Defendants' actions. [EXHIBIT YY, BBB].

37.     Plaintiffs received a collection notice from Columbia Debt Recovery LLC, doing

business as Genesis. [EXHIBIT WW]. The notice misleadingly implies that Genesis is an active

entity, despite its dissolved status.  Genesis Credit Management LLC is listed as voluntarily

dissolved as of 08/05/2019, and Genesis Credit, LLC is listed as administratively dissolved as of

02/03/2022, per records from the Washington Secretary of State. [EXHIBIT OOP]: Washington

State Records].  The collection notice and credit report listings under "Genesis" have caused

confusion and potential harm to Plaintiffs' rights and credit standing.


38.     Plaintiffs' son's vehicle was unlawfully towed in retaliation to Plaintiffs' complaints by

Gannon's Towing Service by Defendants Parc, Defendants American, despite having a current

parking pass. [EXHIBIT VIDEO TO INTRODUCE]


39.     Plaintiffs' security deposit of $350 was unlawfully kept despite the apartment being left

clean and undamaged, with photographic evidence provided.  [EXHIBIT UU].


40.     Defendant Columbia again emailed Plaintiffs employers email address on September 7,

2022 as a "Debt" with full disclosures of amounts, account numbers, derogatory and staged

photos of the apartment unit and creditor "Park at Murfreesboro".  [EXHIBIT WW].


41.     Plaintiffs continue to have the burden of dealing with spam email from companies such

as Spruce, Biltrewards and Rentals due to Defendants Parc, Defendants American, Defendants

Pegasus unauthorized disclosure.  [EXHIBIT XX].

15

42.     Defendant Parc is listed on Defendant Pegasus Residential's Yelp page website as a "Claimed" and "Apartments".  [EXHIBIT DDD].


43.     Defendant Parc is listed on Defendant American website as a "Matching community". [EXHIBIT CCC].


44.     Plaintiffs emailed, faxed and called all Defendants in an attempt to have everyone agree to arbitration in lieu of wasting this Court's precious time.  Not a single Defendant agreed or responded to the request for arbitration.  [EXHIBIT FFF].  An email sent to Defendant Pegasus by Plaintiffs was "Message blocked".  [EXHIBIT GGG].


## CLAIMS FOR RELIEF


**Count I: Violation of the Fair Debt Collection Practices Act (FDCPA)**


45. Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.


46. Defendant Columbia Debt Recovery LLC, doing business as Genesis, engaged in deceptive practices by sending collection notices under the name of a dissolved entity.

47. Defendant Columbia Debt Recovery LLC, doing business as Genesis, engaged in conduct in violation of 15 U.S.C. § 1692 et seq, specifically § 1692g and § 1692c. Specifically, Defendant Columbia failed to provide the required 30-day notice of the debt and the right to dispute it to the Plaintiffs, failed to cease and desist when noticed, immediately reported the alleged debt to both Plaintiffs credit reports and communicated with employment email address a debt.

48. This conduct violates 15 U.S.C. § 1692e, which prohibits false, deceptive, or misleading representations in connection with the collection of a debt. As a result, Plaintiffs have suffered actual damages, including emotional distress and harm to their credit.

49. Defendant Columbia's actions included continued collection efforts and publication of the alleged debt on both Plaintiffs' credit reports despite receiving cease-and-desist notices from Plaintiffs, further violating 15 U.S.C. § 1692c(c).

50. Defendant Columbia unlawfully sent debt notices and amounts to Plaintiffs commercial work email address, which is a violation of 15 U.S.C. § 1692c(a)(3), as it was done without Plaintiffs consent and despite knowledge that such communication was not permitted by Plaintiffs employer.

51. As a direct result of these violations, Plaintiffs have suffered actual damages, including denial of credit, higher interest rates, and severe emotional distress suffered by Plaintiffs due to

Defendants' actions. These damages are substantiated by credit denial letters and expert witness testimony.

52. 52. Plaintiffs seek statutory damages under 15 U.S.C. § 1692k(a)(2)(A), actual damages under 15 U.S.C. § 1692k(a)(1), and State law and punitive damages for these egregious violations against Defendants.

**Count II: Violation of the Fair Credit Reporting Act (FCRA)**

53. Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

54. Defendant Columbia and by way of agency placement, Defendants Parc, American, Pegasus violated 15 U.S.C. § 1681 et seq. by reporting the alleged debt to credit reporting agencies under the name "Genesis" affecting the Plaintiffs' credit score, without providing the required notice and opportunity to dispute the debt.

55. Defendants failed to investigate and correct inaccurate information on Plaintiffs' credit report after being notified of the dispute by the Plaintiffs, in violation of 15 U.S.C. § 1681i.

56. Despite receiving multiple cease-and-desist notices from the Plaintiffs, Defendants continued to furnish false and damaging information to credit reporting agencies.

57. Defendants further violated the FCRA by engaging in misleading and unfair practices, which included sending debt notices to Plaintiffs commercial work email address, exacerbating the harm and embarrassment to Plaintiffs.

58. As a result of these violations, Plaintiffs have suffered actual damages, including denial of credit, higher interest rates, and severe emotional distress.

59. Plaintiffs seek statutory damages, actual damages, and punitive damages for these violations.

## Count III: Violation of Tennessee Consumer Protection Act

60. Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

61. Defendants Parc, Pegasus, American actions constitute unfair or deceptive acts or practices in violation of Tenn. Code Ann. § 47-18-101 et seq.

62. Specifically, Defendants Parc, Pegasus, American misrepresented the condition and quality of the apartment complex as "Premier" and "Luxury," failed to provide the promised $300 referral bonus, and neglected to maintain the complex in a manner consistent with their representations.

63. Defendants Parc, Pegasus, American also unlawfully charged administrative fees to the Plaintiffs, failed to provide consistent trash pickup services to Plaintiffs, and wrongfully retained Plaintiffs security deposit.

64. As a result of these violations, Plaintiffs has suffered the following specific damages:

- Unpaid referral fees: $300 for referral by "Matthew"
- Unpaid referral fees: $300 for referral of son "Vincent"
- Loss of use and enjoyment of amenities
- Expenses for personal trash disposal
- Costs for pest control and repairs
- Mental anguish and emotional distress
- Increased interest rates on credit lines
- Denied credit opportunities
- Unlawful administrative fees
- Wrongfully retained security deposit: $350

65. Plaintiffs seek actual damages, treble damages for willful and knowing violations, and reasonable attorney's fees and costs.

66. Plaintiffs requests that the Court award treble damages for the egregious and willful conduct of Defendants Parc, Pegasus, American, as provided under Tenn. Code Ann. § 47-18-109(a)(3).

**Count IV: Breach of Contract**

67. Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

68. Plaintiffs and Defendants Parc, Pegasus entered into a lease agreement for apartment unit 2308 at Parc at Murfreesboro, which included specific terms and representations for both parties including timely payments by Plaintiffs and peaceful enjoyment and privacy.

69. Defendants Parc, Pegasus, American breached the lease agreement by failing to provide the promised "Premier" and "Luxury" living conditions, as evidenced by numerous issues including feces in the halls and elevators, ant infestations, early morning construction noise, and unkept trash areas.

70. Defendants Parc, Pegasus, American further breached the contract by failing to pay the $300 referral bonus promised through Rentgrata on two counts, despite Plaintiffs meeting all conditions for this bonus.

71. Defendants Parc, Pegasus, American charged Plaintiffs unlawful administrative fees on utility bills, contrary to the lease agreement, as determined by the Tennessee Attorney General.

72. Despite the Plaintiffs leaving the apartment clean and undamaged, Defendants Parc, Pegasus, American unlawfully retained Plaintiffs $350 security deposit.

73. Defendants Parc, Pegasus, American failed to provide consistent and paid for trash pickup services to Plaintiffs, forcing Plaintiffs to dispose of trash personally.

74. Plaintiffs were denied access to amenities guaranteed by the lease agreement, including the gym, clubhouse, grills, carwash, and pool by Defendants Parc, Pegasus, American.

75. Defendants Parc, Pegasus, American retaliated against Plaintiffs by towing Plaintiffs son's vehicle, which had a valid parking pass and was legally parked, in response to a complaint about administrative fees.

76. Defendants Parc, Pegasus, American disrupted Plaintiffs peaceful enjoyment of the premises through constant door postings, excessive emails, and letters, contrary to the lease agreement.

77. Defendants Parc, Pegasus, American breached Plaintiffs privacy by sharing personal and private email addresses and other identifiers with third parties for marketing purposes without consent, resulting in unsolicited communications.

78. Defendants Parc, Pegasus, American allegedly overcharged Plaintiffs for water usage during the first few months of their lease period by estimating the bills instead of using actual meter readings, which appear to have not been hooked up initially.

79. As a direct result of these breaches, Plaintiffs has suffered financial loss, inconvenience, and emotional distress by Defendants Parc, Pegasus, American.

80. Plaintiffs seek actual damages, including the unpaid referral bonus, reimbursement of unlawful administrative fees, return of the security deposit, compensation for loss of use and enjoyment of amenities, and damages for emotional distress.

81. Plaintiffs further seek injunctive relief requiring Defendants Parc, Pegasus, American to notify all companies with whom they have shared Plaintiffs' data, instruct these companies to cease and desist from using Plaintiffs' data, and provide confirmation of such cease and desist notices to Plaintiff.

**Count V: Fraud**

82. Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

83. Defendants Parc, Pegasus, American, through their agents and representatives, intentionally misrepresented material facts regarding the condition and services of the apartment complex at Parc at Murfreesboro, knowing these representations were false and intending for Plaintiffs to rely upon them.

23

84. Specifically, Defendants Parc, Pegasus, including Tyler Gentry and other staff, repeatedly described the complex as a "Premier" and "Luxury" and "recently finished" apartment complex, despite knowing that the premises were plagued with significant issues, including but not limited to, feces in the halls and elevators, ant infestations, and early morning construction noise.

85. Defendants Parc, Pegasus, American further misrepresented the quality and reliability of services provided, including trash pickup services, which were inconsistently performed despite being a paid service under the lease agreement. Defendants shifted the burden of trash pickup to the Plaintiffs and then instructed Plaintiffs to call the trash company and get them to do their job.

86. Defendants Parc, Pegasus, American also misrepresented the availability and quality of amenities, such as the gym, clubhouse, grills, carwash, and pool, to induce Plaintiffs into signing the lease agreement. Defendants knew full well that these amenities would often be inaccessible or unusable due to poor maintenance and management practices.

87. Defendants Parc, Pegasus, American fraudulently charged unlawful administrative and/or service fees on utility bills, contrary to the explicit terms of the lease agreement and in violation of Tennessee law, as confirmed by the Tennessee Attorney General.

88. Defendants Parc, Pegasus, American knowingly withheld the $300 referral bonuses promised through Rentgrata, despite Plaintiffs meeting all conditions for this bonuses, and falsely claimed that Plaintiffs were not entitled to it.

24

89. In retaliation for Plaintiffs' complaints, Defendants Parc, Pegasus, American employed Gannon's towing to tow Plaintiffs' son's vehicle, which had a valid parking pass and was legally parked, demonstrating a willful and malicious intent to harm Plaintiffs.

90. Defendants Parc, Pegasus, American breached Plaintiffs' privacy by sharing their personal and private email addresses and other identifiers with third parties for marketing purposes without consent, resulting in a flood of unsolicited communications. These actions were undertaken with the intent to deceive Plaintiffs and exploit their personal information for financial gain.

91. Defendants Parc, Pegasus fraudulent actions were intended to induce Plaintiffs to enter into and remain in the lease agreement under false pretenses, causing Plaintiffs to suffer financial loss, inconvenience, emotional distress, and damage to their credit.

92. As a direct result of Defendants Parc, Pegasus fraud, Plaintiffs have suffered actual damages, including but not limited to, the unpaid referral bonus, unlawful administrative fees, the retained security deposit, expenses for personal trash disposal, and increased interest rates due to credit damage. Plaintiffs have also endured significant emotional distress and loss of enjoyment of their living environment.

93. Defendants Columbia, intentionally misrepresented the status of the entity in the collection notice, knowing that "Genesis" was dissolved.

94. Plaintiffs seek actual damages, punitive damages for the fraudulent and malicious conduct of Defendants Parc, Pegasus, American, and any other relief the Court deems just and proper.

**Count VI: Unjust Enrichment**

95. Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

96. Defendants Parc, Pegasus, American have been unjustly enriched at Plaintiffs' expense through a series of actions that have deprived Plaintiffs of money and benefits rightfully due to them while providing no corresponding benefit or consideration.

97. Defendants Parc, Pegasus, American were paid for application fees, reservations fees and other charges to move in the facility. Defendant Parc, Pegasus, American unlawfully retained Plaintiffs' $350 security deposit despite Plaintiffs leaving the apartment in clean and undamaged condition, as evidenced by photographic proof.

98. Defendants Parc, Pegasus, American received full rental payments for an apartment marketed as a "Premier" and "Luxury" living space, yet the living conditions were far from

luxurious. Plaintiffs were forced to endure feces in the halls and elevators, ant infestations, early morning construction noise, and unkept trash areas.

99. Defendants Parc, Pegasus, American charged Plaintiffs for valet trash services, which were inconsistently provided or not provided at all, resulting in Plaintiffs having to personally dispose of their trash despite paying for this service.

100. Defendants Parc, Pegasus, American charged Plaintiffs full rent for amenities such as the gym, clubhouse, grills, carwash, and pool, and even the ability to get into the parking lot because of a non-working gate. And when the gate was working, there were instances were the cement was torn up which made using the parking lot inaccessible.

101. Defendants Parc, Pegasus, American benefitted financially from the towing of Plaintiffs' son's vehicle, which was towed in retaliation to complaints about unlawful administrative fees. This towing was unjust and resulted in additional costs and inconvenience to Plaintiffs who had to assist his son and evidentiary document film the incident.

102. Defendants Parc, Pegasus, American likely received kickbacks or other financial benefits from third parties to whom they disclosed Plaintiffs' personal information without consent. This disclosure led to an influx of unsolicited communications, further demonstrating Defendants' exploitation of Plaintiffs' personal data for financial gain.

103. Plaintiffs noticed significantly higher water bills during the first few months of their lease period, which later leveled out to lower amounts. Upon discussing with other residents, Plaintiffs discovered that water meters were not hooked up initially, and Defendants Parc, Pegasus, American were estimating the bills. This resulted in Plaintiffs paying significantly higher water bills than they should have.

104. Even if the water meter issue is proven incorrect, Defendants Parc, Pegasus, American other actions of retaining the security deposit, charging for services not rendered, and benefiting from unauthorized sharing of personal information, among others, still constitute unjust enrichment.

105. By retaining the security deposit, charging for services not rendered, overcharging for water usage, and reaping benefits from sharing Plaintiffs' personal information, Defendants Parc, Pegasus, American have been unjustly enriched, creating a significant financial detriment to Plaintiffs.

106. As a result of these actions, Plaintiffs have suffered financial loss, inconvenience, and emotional distress. Defendants Parc, Pegasus, American enrichment at Plaintiffs' expense is inequitable and warrants restitution.

107. Plaintiffs seek restitution for the unjust enrichment of Defendants Parc, Pegasus, American, including but not limited to the return of the $350 security deposit, reimbursement for the valet

trash services not received, compensation for the loss of use and enjoyment of amenities, reimbursement for the overcharged water bills, and any other benefits unjustly retained by Defendants.

**Count VII: Violation of Tennessee Personal Rights Protection Act**

108. Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

109. The Tennessee Personal Rights Protection Act (Tenn. Code Ann. § 47-25-1101 et seq.) protects individuals from the unauthorized use of their name, likeness, or other personal identifiers for commercial purposes.

110. Tenn. Code Ann. § 47-18-2501 prohibits the transmission of unsolicited electronic advertisements to Tennessee residents without their consent.

111. Defendants Parc, Pegasus, American violated the Tennessee Personal Rights Protection Act by unlawfully sharing Plaintiffs' personal and private email addresses, names, and other identifiers with third-party companies for commercial and marketing purposes without Plaintiffs' consent.

112. Defendants Parc, Pegasus, American actions included enrolling Plaintiffs in unsolicited services and distributing their personal information and distributing their personal information to

various third-party vendors, leading to a barrage of unsolicited emails, marketing messages, and other communications. These actions were conducted for Defendants Parc, Pegasus, American financial gain, likely resulting in kickbacks or other benefits.

113. Specifically, Plaintiffs received unsolicited communications from multiple companies such as Spruce and other vendors affiliated with Parc at Murfreesboro, which continued even after Plaintiffs explicitly requested the cessation of such communications.

114. Defendants Parc, Pegasus, American unauthorized sharing of Plaintiffs' personal information constituted a clear violation of their privacy rights and an infringement on their personal autonomy, causing significant distress and inconvenience to Plaintiffs.

115. Defendants Parc, Pegasus, American also violated Tenn. Code Ann. § 47-18-2501 by facilitating and allowing the transmission of unsolicited electronic advertisements to Plaintiffs without their prior consent.

116. Despite multiple cease-and-desist requests from Plaintiffs, Defendants Parc, Pegasus, American failed to take appropriate actions to stop the unauthorized use and sharing of Plaintiffs' personal information, exacerbating the harm and distress suffered by Plaintiffs.

117. As a direct result of Defendants Parc, Pegasus, American violations of the Tennessee Personal Rights Protection Act and Tenn. Code Ann. § 47-18-2501, Plaintiffs have suffered

actual damages, including emotional distress, loss of privacy, and the time and effort spent to mitigate the unwanted communications and protect their personal information.

118. Plaintiffs seek statutory damages, actual damages, and punitive damages for Defendants Parc, Pegasus, American willful and knowing violations of the Tennessee Personal Rights Protection Act and Tenn. Code Ann. § 47-18-2501. Additionally, Plaintiffs seek injunctive relief to compel Defendants Parc, Pegasus, American to notify all companies with whom they have shared Plaintiffs' personal information, instruct these companies to cease and desist from using Plaintiffs' data, and provide confirmation of such cease and desist notices to Plaintiffs.

**Count VIII: Negligence**

119. Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

120. Defendants Parc, Pegasus, American owed Plaintiffs a duty of care to maintain Parc at Murfreesboro in a safe, clean, and habitable condition in a safe, clean, and habitable condition, as well as to provide the services and amenities as represented in the lease agreement.

121. Defendants Parc, Pegasus, American breached their duty of care through various acts of negligence, including but not limited to:

a. Failing to maintain cleanliness in the common areas, resulting in feces in the halls and on elevator doors, creating a health hazard and an unsanitary living environment.

31

b. Neglecting to address and remedy ant infestations in Plaintiffs' apartment, leading to ongoing pest problems and compromising the habitability of the unit.

c. Allowing construction activities to commence at early morning hours, causing excessive noise and disrupting Plaintiffs' peaceful enjoyment of their home.

d. Inconsistently providing trash pickup services despite charging for this service, resulting in Plaintiffs having to personally dispose of their trash.

e. Failing to maintain and provide access to amenities such as the gym, clubhouse, grills, carwash, and pool, which were often inaccessible or unusable due to poor maintenance.

f. Improperly charging unlawful administrative fees on utility bills, contrary to the lease agreement, and failing to rectify these charges even after being notified of their unlawfulness by the Tennessee Attorney General.

g. Retaining Plaintiffs' $350 security deposit without justification, despite the apartment being left clean and undamaged.

h. Failing to take appropriate action in response to multiple complaints from Plaintiffs about the living conditions, services, and breaches of the lease agreement.

i. Retaliating against Plaintiffs by towing their son's vehicle, which had a valid parking pass and was legally parked, further exacerbating Plaintiffs' distress and inconvenience.

122. Defendants Parc, Pegasus, American negligence in maintaining the premises and providing the agreed-upon services directly caused Plaintiffs to suffer numerous harms, including financial losses, emotional distress, and a significant reduction in the quality of their living environment.

123. As a direct result of Defendants Parc, Pegasus, American negligent actions and omissions, Plaintiffs have incurred the following damages:

a. Costs associated with disposing of trash due to inconsistent trash pickup services.

b. Expenses related to addressing the ant infestation, including pest control measures and potential damage to personal property.

c. Loss of use and enjoyment of amenities, for which Plaintiffs continued to pay rent despite being unable to access or use them.

d. Emotional distress and mental anguish caused by the unsanitary living conditions, constant noise, and lack of responsiveness from Defendants.

e. Financial impact from the retention of the security deposit, unlawful administrative fees, and additional costs related to the retaliatory towing of Plaintiffs' son's vehicle.

124. Plaintiffs seek compensatory damages for the financial losses incurred, as well as damages for emotional distress and mental anguish resulting from Defendants' negligent actions and omissions.

**Count IX: Intentional Infliction of Emotional Distress**

125. Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

126. Defendants' actions, individually and collectively, were intentional, reckless, and outrageous, causing Plaintiffs to suffer severe emotional distress.

127. Defendants engaged in a pattern of conduct that was designed to harass, intimidate, and inflict emotional distress upon Plaintiffs, including but not limited to:

a. Misrepresenting the condition and quality of the apartment complex as "Premier" and "Luxury," leading Plaintiffs to believe they were moving into a high-quality living environment, when in fact the conditions were substandard and unsanitary.

34

b. Failing to maintain cleanliness in common areas, resulting in feces in the halls and on elevator doors, which created a distressing and unhealthy living environment.

c. Neglecting to address and remedy ant infestations, causing Plaintiffs ongoing distress and discomfort in their own home.

d. Allowing early morning construction noise, disrupting Plaintiffs' peace and contributing to a stressful living situation.

e. Inconsistently providing trash pickup services despite charging for this service, forcing Plaintiffs to personally dispose of their trash and live in an environment with uncollected garbage.

f. Denying Plaintiffs access to promised amenities such as the gym, clubhouse, grills, carwash, and pool, despite continuing to charge full rent for these services.

g. Charging unlawful administrative fees on utility bills and failing to rectify these charges even after being notified by the Tennessee Attorney General.

h. Retaining Plaintiffs' $350 security deposit without justification, despite the apartment being left clean and undamaged.

i. Towing Plaintiffs' son's vehicle in retaliation for complaints about unlawful fees, causing additional stress and inconvenience.

j. Sharing Plaintiffs' personal information with third parties for marketing purposes without consent, leading to a barrage of unsolicited emails and further distress.

128. Plaintiffs endured significant agony and emotional turmoil during their time at Parc at Murfreesboro, while paying on time and in full for services that were not being rendered.

129. The emotional distress was compounded by the fact that Plaintiffs went to great lengths to move to the facility and set up their lives there, only to be forced to move prematurely due to the intolerable living conditions and Defendants' actions.

130. The entire family was deeply affected by the ongoing issues, creating a constant state of anxiety and frustration. The emotional distress did not end with their departure from the apartment complex, as Plaintiffs continue to suffer from degraded credit and constant email spam resulting from Defendants' actions.

131. Despite numerous notices and attempts to remedy the situation, Defendants Parc, Pegasus, American consistently ignored Plaintiffs' pleas for help, further exacerbating their emotional distress.

132. Defendants' conduct was extreme and outrageous, going beyond the bounds of decency, and was intended to cause, or recklessly disregarded the probability of causing, severe emotional distress to Plaintiffs.

133. As a direct result of Defendants' intentional and reckless conduct, Plaintiffs have suffered severe emotional distress, including anxiety, stress, frustration, and disruption of their daily lives.

134. Plaintiffs seek compensatory damages for severe emotional distress suffered, as well as punitive damages to punish Defendants for their malicious and outrageous conduct and to deter similar conduct in the future.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests that this Court:

1. Award Plaintiffs actual damages for financial losses incurred, including but not limited to the unpaid referral bonuses, return of the security deposit, compensation for loss of use and enjoyment of amenities, reimbursement for overcharged water bills, and any other financial harm suffered as detailed in the complaint, including the full value of the lease due to Defendants' breach of contract.

37

2. Award Plaintiffs statutory damages for violations of federal and state statutes. Award Plaintiffs punitive damages to punish Defendants for their malicious and outrageous conduct and to deter similar conduct in the future.

3. Issue an injunction, including a Temporary Restraining Order, to prevent further harm to Plaintiffs' credit and privacy.

4. Require Defendants Parc, Pegasus, American to notify all companies with whom they have shared Plaintiffs' data, instruct these companies to cease and desist from using Plaintiffs' data, and provide confirmation of such cease and desist notices to Plaintiffs.

5. Award Plaintiffs treble damages for Defendants' willful and knowing violations of the Tennessee Consumer Protection Act.

6. Award Plaintiffs the costs of this action, including court fees, and if applicable, reasonable attorney's fees as pro se litigants are entitled under the applicable laws. Compensate Plaintiffs for the significant amount of time spent managing this case, reflecting the professional value of their time and efforts.

7. Award Plaintiffs compensatory damages for severe emotional distress, mental anguish, and inconvenience caused by Defendants' intentional and reckless conduct.

8. Order Defendants Parc, Pegasus, American to make restitution to Plaintiffs for the unjust enrichment obtained, including the return of the $350 security deposit, reimbursement for services not rendered, compensation for the overcharged water bills, and compensation for the unauthorized sharing of Plaintiffs' personal information.

9. Grant such other relief as the Court deems just and proper.

Plaintiffs Derek Gendron and Lynn Gendron are pro se litigants and are requesting that the Court use discretion with regards to this filing. In Hanes vs. Kerner 404 U.S. 519 (1972) the Supreme court held that a pro se litigants pleadings must be deliberately construed.

<u>**DEMAND FOR JURY TRIAL**</u>

Plaintiffs hereby demand a trial by jury on all issues so triable.

EXHIBITS

Date:  June 10, 2024

Respectfully submitted,

Derek Gendron

Lynn Gendron

PO Box 182
Murfreesboro, TN 37133
Telephone:  615-918-0330
Email:  trailsandclouds@gmail.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 10, 2024, a true copy of the foregoing AMENDED COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND OTHER EQUITABLE RELIEF with the Clerk of the Court. I certify that a true and correct copy of said complaint was sent to our case participants in the following manner:

Parties Served: Parc at Murfreesboro POE LLC      \_\_\_\_ U.S. Mail - Postage Prepaid
              C/O Registered Agent
              200 Montvue Road
              Knoxville TN 37919-5546

              Columbia Debt Recovery LLC      \_\_\_\_ U.S. Mail - Postage Prepaid
              C/O Registered Agent
              300 Deschutes Way SW Ste 208 MC-CSC1
              Tumwater WA 98501

              American Landmark Properties      \_\_\_\_ U.S. Mail - Postage Prepaid
              C/O Registered Agent
              200 Montvue Road
              Knoxville TN 37919-5546

              Pegasus Residential LLC      \_\_\_\_ U.S. Mail - Postage Prepaid
              C/O Registered Agent
              200 Montvue Road
              Knoxville TN 37919-5546

DATED: June 10, 2024

_____ SIGNATURE

Derek Gendron

_____ SIGNATURE

Lynn Gendron