# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### AT NASHVILLE

| | | |
|---|---|---|
| **DEREK GENDRON and LYNN GRENDON** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:24-cv-00674** |
| | ) | |
| **PARC AT MURFREESBORO** *et al.* | ) | |

**TO:  Honorable Waverly D. Crenshaw, Jr., United States District Judge**

## R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered June 9, 2024 (Docket Entry No. 5), this *pro se* civil case was referred to the Magistrate Judge for pretrial proceedings.

Pending before the Court is the motion to dismiss (Docket Entry No. 23) of Defendant Pegasus Residential, LLC.  The motion is opposed by Plaintiffs.  For the reasons set out below, the undersigned respectfully recommends that the motion be **GRANTED**.

## I.    PROCEDURAL BACKGROUND

Derek and Lynn Gendron ("Plaintiffs") are residents of La Vergne, Tennessee.  On June 3, 2024, they filed this *pro se* lawsuit against Parc at Murfreesboro Poe LLC ("Parc"), American Landmark Management LLC ("American"), Pegasus Residential LLC ("Pegasus"), and Columbia Debt Recovery LLC d/b/a Genesis ("Columbia").  *See* Complaint (Docket Entry No. 1).  Parc is the owner of an apartment complex in Murfreesboro, Tennessee, where Plaintiffs leased an apartment from April 2021 to April 2022.  Pegasus and American are property management companies that managed the complex at different points during this relevant time period.  Columbia is alleged to be a business engaged in debt collection.

After filing their lawsuit, Plaintiffs filed a first amended complaint (Docket Entry No. 11), followed by a second amended complaint ("SAC") (Docket Entry No. 15). Plaintiffs demand a jury trial and seek various forms of relief. They assert that federal question jurisdiction pursuant to 28 U.S.C. § 1331 based on claims brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*., (Count 1) and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq*., (Count II). *See* SAC at 6. They also assert supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over state law claims for violations of the Tennessee Consumer Protection Act ("TCPA"), Tenn.Code.Ann. §§ 47-18-101 *et seq*., (Count III), breach of contract (Count IV), fraud (Count V), unjust enrichment (Count VI), violations of the Tennessee Personal Rights Protection Act ("TPRPA"), Tenn.Code.Ann. §§ 47-25-1101 *et seq*., (Count VII), negligence (Count VIII), and intentional infliction of emotional distress ("IIED") (Count IX). *Id*. at 6 and 16-37.

Defendant Columbia filed an answer (Docket Entry No. 19) and Defendants Parc and American filed a joint answer (Docket Entry No. 24). In lieu of an answer, Defendant Pegasus has filed the pending motion to dismiss.

## II.    PLAINTIFFS' ALLEGATIONS

The lawsuit arises from Plaintiffs' dissatisfaction with an apartment that they rented from Parc for the period of April 30, 2021, to April 15, 2022. They contend that the apartment complex was marketed as a "premier luxury apartment complex" but their experience as tenants was anything but a "luxury" one. They allege that the apartment complex was mismanaged and that they endured unclean halls and elevators, ant infestations, poor trash service, noise and congestion from construction at the complex, "incessant door postings, letters, and e-mails," and numerous instances when renovations and repair work were requested to be performed in their apartment and when they

2

were locked out of using the amenities at the apartment complex, such as the gym, clubhouse, grills, carwash, pool, and parking lot. *See* SAC (Docket Entry No. 15) at 2-4. They further allege that their son's vehicle was wrongly towed. *Id.* Plaintiffs also allege that they experienced financial harm while at the apartment complex because they were not paid a $300 referral bonus that was offered to residents who referred new tenants, they were not given financial credits for enduring some of the poor living conditions, that they were wrongly charged administrative fees on their monthly statements, and that their $350 security deposit was wrongly retained. *Id.* They allege that their complaints about these issues were sometimes acknowledged but that little was done to remedy the issues.

Plaintiffs allege that their personal information was impermissibly shared with other entities for marketing purposes, which led to an influx of unsolicited communications and "spam" e-mails that required them to spend time unsubscribing from the e-mails and communications. *Id.* at 4. Finally, Plaintiffs allege that a debt was wrongfully lodged against them after they moved out of the apartment complex and was forwarded to Defendant Columbia for debt collection. *Id.* at 4. They contend that Columbia engaged in conduct that violated both the FCDPA and the FCRA. *Id.* at 4-5.

### III.    MOTION TO DISMISS, RESPONSE, AND REPLY

Defendant Pegasus seeks dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, asserting that the SAC fails to state a claim against it. Initially, Pegasus contends that the SAC is deficient because it "is a quintessential shotgun pleading that is riddled with conclusory allegations and generalities" and that the SAC often refers to the Defendants collectively instead of clearly identifying the claims or facts attributable to each Defendants. *See* Memorandum in Support (Docket Entry No. 23-1) at 2 and 4.

As to the nine specific counts asserted in the SAC, Pegasus contends that the FDCPA claim (Count I) is asserted against only Defendant Columbia. *Id*. at 5. Pegasus argues that the FCRA claim (Count II) warrants dismissal because the SAC does set out factual allegations showing that Pegasus furnished any information to a credit bureau or received a dispute notification from a credit bureau. *Id.* at 6-8. Pegasus raises a statute of limitations defense to four of Plaintiffs' claims - Counts III (TCPA), VII (TPRPA), VIII (Negligence), and IX (IIED) – arguing that these claims should be dismissed as untimely under the applicable one-year statute of limitations because the claims are based upon events occurring more than one year to the filing of the lawsuit. *Id*. at 5-6. With respect to Counts IV (Breach of Contract) and VI (Unjust Enrichment), Pegasus asserts that the SAC shows that the apartment lease was between Plaintiffs and Parc only and argues there are no factual allegations that would support a contract or quasi-contract claim against Pegasus. Finally, as to Plaintiffs' fraud claim (Count V), Pegasus argues that any assertion that Plaintiffs were fraudulently induced to enter into the lease agreement is barred by the applicable three-year statute of limitations and is further negated by a provision in the lease that no "oral promises, representations, or agreements" were made in entering into the lease agreement. *Id*. at 10-11. Pegasus further contends that Plaintiffs' fraud claim is not pled with the specificity required by Rule 9(b) of the Federal Rules of Civil Procedure. *Id.* at 11-12.

In response, Plaintiffs assert that their SAC is not a "shotgun pleading" but, instead, the SAC sets out detailed factual allegations that are supported by law, clearly outlines each Defendant's role in causing the harm experienced by Plaintiffs, and sets forth claims that "are sufficiently specific, factually grounded, and legally tenable to survive a Rule 12(b)(6) motion." *See* Response in Opposition (Docket Entry No. 33) at 2 and 5. Although Plaintiffs generally contend that the factual allegations and legal theories for their FDCPA and FCRA claims are "robust" and plead viable

4

claims against Pegasus, they do not directly address the arguments made by Pegasus for dismissal of these claims. *Id*. at 7. With respect to the statute of limitations defense raised by Pegasus, Plaintiffs argue that the four claims at issue are not barred by the statute of limitations because of "ongoing wrongful acts." *Id*. at 3-4.

Plaintiffs argue that Pegasus' actions created a "sufficient nexus" to hold it liable on the breach of contract claim and that courts "have long held that property management companies can be named as defendants in lawsuits for damages arising from their actions in managing properties." *Id*. at 4. As to the requested dismissal of the fraud claim, Plaintiffs contend that: (1) their allegations of fraud related to the unpaid referral bonuses are sufficiently specific to satisfy the pleading requirements for a fraud claim; (2) a theory of fraudulent concealment on the part of Pegasus excuses any untimeliness of this claim; and, (3) the entire agreement clause of the lease agreement does not bar them from pursing their fraud claim against Pegasus for the unpaid referral bonuses. *Id*. at 2-3 and 4-5. Finally, Plaintiffs assert that they should be given the opportunity to amend if there are any pleading deficiencies in the SAC. *Id*. at 6.

Pegasus replies by arguing that Plaintiffs' response does not sufficiently rebut the arguments for dismissal that are made in the motion to dismiss. *See* Reply (Docket Entry No. 36).

## IV.    STANDARD OF REVIEW

A motion to dismiss filed under Rule 12(b)(6) is reviewed under the standard that the Court must accept as true all of the well-pleaded allegations contained in the complaint and construe the complaint in the light most favorable to Plaintiffs. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987). Because Plaintiffs are litigating the case *pro se*, the Court is also required to

5

view their complaint with some measure of a liberal construction.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

Although the complaint need not contain detailed factual allegations, the factual allegations supplied must be enough to show a plausible right to relief.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-61 (2007).  *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  To state a plausible claim for relief, the alleged facts must provide "more than a sheer possibility that a defendant has acted unlawfully." *Mik v. Federal Home Loan Mortg. Corp.*, 743 F.3d 149, 157 (6th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  In deciding a motion to dismiss, the Court is not required to accept summary allegations, legal conclusions, or unwarranted factual inferences.  *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999); *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996).

## V.     ANALYIS

### A.   Counts I and II

Both of these counts should be dismissed as to Defendant Pegasus.  Plaintiffs' FDCPA claim (Count I) is specifically pled as to only Defendant Columbia.  *See* SAC (Docket Entry No. 15) at 16-18.  Although Plaintiffs plead their FCRA claim (Count II) against all four named Defendants, the claim is stated as being brought against Pegasus "by way of agency placement." *Id*. at 18, ¶ 54.  It is not clear to the Court what Plaintiffs intend to mean "by way of agency placement" with respect to this claim.  However, it is apparent to the Court, for the reasons that are clearly argued in the motion to dismiss, that there are no factual allegations contained in the SAC that support a viable FCRA claim against Pegasus.  *See* Memorandum in Support (Docket Entry No. 23-1) at 6-8.  In their

6

response in opposition to the motion, Plaintiffs do not address the sound and persuasive argument for dismissal of this claim that is made by Pegasus. Accordingly, dismissal of the FCRA claim brought against Pegasus is warranted.

## B.  Statute of Limitations Defense to Counts III, VII, VIII, and IX

The law requires that claims be brought in a timely manner. By waiting until June 3, 2024, to file their complaint, Plaintiffs waited too long to bring several of their claims against Pegasus. Because Plaintiffs fail to set forth grounds to excuse the untimeliness of their lawsuit as to these claims, the motion to dismiss should be granted as it pertains to Plaintiffs' TCPA (Count III), TPRPA (Count VII), negligence (Count VIII), and intentional infliction of emotional distress (Count IX) claims against Pegasus.

Pegasus correctly asserts, and Plaintiffs do not dispute, that a one-year statute of limitations applies to these four claims. *See* Memorandum in Support (Docket Entry No. 23-1) at 6. Plaintiffs allege that Pegasus was the property manager at the apartment complex through August 2021, *see* SAC (Docket Entry No. 15) at 2, and that they ceased living there in April 2022. *Id*. at 13, ¶ 30. They do not allege any actions or inactions by Pegasus that occurred after this time, let alone that occurred within one year prior to this lawsuit being filed on June 3, 2024. Given that the face of the SAC shows that these claims are based upon events that occurred well more than a year prior to the lawsuit being filed, Plaintiffs must come forward with a sound argument for why the claims should not be dismissed as untimely. *See Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 520 (6th Cir. 2008).[1]

---

[1] Although the statute of limitations is an affirmative defense generally not amenable to resolution on a motion to dismiss, a claim may be dismissed as untimely if the allegations of the complaint themselves demonstrate that the claim would be barred by the applicable statute of limitations. *LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097 (6th Cir. 1995). It is clear from the face of Plaintiffs' own SAC that they have not pursued the four claims at issue in a timely manner.

Plaintiffs have not done so.  In their response in opposition to the motion to dismiss, Plaintiffs appear to set forth a continuing violation theory with respect to these four claims, arguing that:

> these claims . . . are valid due to ongoing wrongful acts that continued throughout Plaintiffs' tenancy and beyond.  Tennessee law recognizes that continuous torts, such as fraud and negligence, can extend the limitations period if wrongful acts are part of an ongoing series (*Quality Auto Parts Co. v. Bluff City Buick Co.*, 876 S.W.2d 818 (Tenn. 1994)).

*See* Response (Docket Entry No. 33) at 3-4.  However, Plaintiffs' argument rings hollow.  Plaintiffs fail to actually point to any wrongful acts of Pegasus that are alleged to have begun in the 2021-2022 time period and continued into the one-year time period prior to the lawsuit being filed.  The facts alleged against Pegasus simply do not show, or even infer, continuous conduct by Pegasus of any kind that would fall within the applicable statute of limitations.[2]

## C.  Failure to State a Claim as to Counts IV and VI

The motion to dismiss should be granted as to these two claims.  In the face of sound legal arguments from Pegasus for the dismissal of these claims, Plaintiffs (1) fail to show any factual basis supporting their breach of contract claim (Count IV) and (2) fail to address Pegasus' arguments for dismissal of the unjust enrichment claim (Count VI).

Plaintiffs' breach of contract claim clearly warrants dismissal as to Defendant Pegasus.  To allege breach of contract in Tennessee, a plaintiff must plead: "(1) the existence of an enforceable

---

[2] Although unnecessary to the determination that Plaintiffs have not rebutted the statute of limitations defense, the Court notes that *Quality Auto Parts Co.* does not  stand for the proposition for which Plaintiffs cite that case.  Further, Tennessee courts have disavowed the "continuous tort" theory, *see Stanbury v. Bacardi*, 953 S.W.2d 671, 678 (Tenn. 1997); *Wansley v. Refined Metals Corp.*, 1996 WL 502497, at *6 (Tenn. Ct. App. Sept. 6, 1996), and this Court has recently stated, "Tennessee courts (like the federal courts) have largely rejected the "continuing violations" doctrine outside the employment discrimination arena."  *Westgate Resorts, Ltd. v. Wesley Fin. Grp., LLC*, No. 3:20-CV-00599, 2024 WL 3266616 at *3 (M.D. Tenn. July 1, 2024) (Trauger, J.) (collecting cases).

8

contract, (2) non-performance amounting to a breach of the contract, and (3) damages caused by the breach." *Z.J. v. Vanderbilt Univ.*, 355 F. Supp. 3d 646, 689 (M.D. Tenn. 2018) (applying Tennessee breach of contract law) (internal citations omitted). *See also C&W Asset Acquisition, LLC v. Oggs*, 230 S.W.3d 671, 676-77 (Tenn.Ct.App. 2007). Plaintiffs plead no facts showing the existence of an enforceable contract with Pegasus. To the contrary, the SAC clearly shows that the parties to the lease agreement for Plaintiffs' apartment were the Plaintiffs and Parc. *See* SAC (Docket Entry No. 15) at 7, ¶ 4; Exhibit E to SAC (Docket Entry No. 15-2) at 37. As this Court has recently stated, "it is a basic principle of contract law that generally only the parties to a contract can be held liable for its breach." *Blankenship v. Nissan N. Am., Inc.*, 2023 WL 4037150, at *4 (M.D. Tenn. June 15, 2023) (Richardson, J.). *See also CapitalPlus Constr. Servs., LLC v. Blucor Contracting, Inc.*, 536 F.Supp.3d 295, 301 (E.D. Tenn. 2021) ("As a general matter, only parties to a contract can recover damages for breach of that contract.").

Plaintiffs raise two arguments against the dismissal of the breach of contract claim. Neither argument has merit. First, Plaintiffs contend that Pegasus' name and logo were prominently displayed on documents, policies and communications related to the lease and that Pegasus was actively involved in "dictating the terms and conditions of Plaintiffs' living arrangements, collecting rent, and managing daily operations, which directly impacted Plaintiffs." *See* Response (Docket Entry No. 33) at 4. Plaintiffs assert that these factors created a "sufficient nexus" for Pegasus to be held liable under the contract. *Id.* However, these actions simply do not cause Pegasus to become was a party to the lease agreement. The fact that an entity was actively involved in managing or administering events related to the subject matter of a contract does not cause the entity to become a party to the contract. *See Mitchell v. Rushmore Loan Mgmt. Servs.*, LLC, 2023 WL 5528041, at *5

(Tenn.Ct.App. Aug. 28, 2023) (finding that loan servicer was not a party to the underlying loan agreement and could not be sued for breach of contract on that loan agreement).

Second, Plaintiffs argue that:

[c]ourts have long held that property management companies can be named as defendants in lawsuits for damages arising from their actions in managing properties. In *Holliman v McGowan*, No. W2014-02156-COA-R3-CV, 2015 WL 4934183 (Tenn. Ct. App. Aug. 18, 2015), the court recognized that a property management company could be liable for negligence and other torts if it undertakes duties related to the maintenance and management of the property and fails in those duties.

*See* Response (Docket Entry No. 33) at 4. This argument misses the mark for two main reasons. First, the Court is unable to locate the case cited by Plaintiffs using any of the reference information provided for the case.[3] Second, even if the Court presumes as true the legal proposition that property management companies can be sued for damages arising from negligence or other torts, the two claims at issue are a contract claim and a quasi-contract claim, not negligence and torts claims.

Plaintiffs' unjust enrichment claim should be dismissed because Plaintiffs fail to offer any direct response to Pegasus' sound and persuasive argument for dismissal of this claim. In the absence of a response from Plaintiffs that rebuts the dismissal argument, it is not the Court's duty to make arguments on Plaintiffs' behalf. *See Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F.App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a

---

[3] A search of the on-line Westlaw database does not show a Tennessee case with the name "*Holliman v. McGowan*." Further, the Westlaw cite provided by Plaintiffs, 2015 WL 4934183, is for the case *Bazan v. Montgomery*, a habeas corpus case from the Central District of California. Finally, a search of the Tennessee Courts' on-line public case history does not show the existence of the case cited by Plaintiffs.

10

particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue."); *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 406 (6th Cir. 1992) (it is not the duty of a court to "abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion."); *Cunningham v. Enagic USA, Inc.*, 2016 WL 5415106 at *2 (M.D. Tenn. Sept. 28, 2016) (Sharp, J.) ("this Court is not required to develop legal theories and arguments in Plaintiff's stead in order to defeat the motion to dismiss.").

## D. Count V

Plaintiffs' final claim against Pegasus is their fraud claim. The Court finds that this claim should likewise be dismissed as to Defendant Pegasus.

To state a claim for fraud under Tennessee law, a plaintiff must allege that: (1) the defendant made a representation of an existing or past fact; (2) the representation was false when made; (3) the representation was in regard to a material fact; (4) the false representation was made either knowingly or without belief in its truth or recklessly; (5) plaintiff reasonably relied upon the misrepresented fact; and (6) plaintiff suffered damage as a result of the misrepresentation. *Bridgestone Am.'s, Inc. v. Int'l Bus. Machs. Corp.*, 172 F.Supp.3d 1007, 1014 (M.D. Tenn. 2016) (quoting *PNC Multifamily Cap. Institutional Fund XXVI Ltd. P'ship v. Bluff City Cmty. Dev. Corp.*, 387 S.W.3d 525, 548 (Tenn.Ct.App. 2012)). Rule 9(b) requires that a party alleging fraud or mistake "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The Sixth Circuit has held that, to satisfy Rule 9(b), a plaintiff must "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Coffey v. Foamex L.P.*,

11

2 F.3d 157, 161-62 (6th Cir. 1993) (quoting *Ballan v. Upjohn Co.*, 814 F.Supp.1375, 1385 (W.D. Mich. 1992)).

Even when the SAC is given a liberal construction, it fails to set forth specific factual allegations that are sufficient to state a fraud claim against Defendant Pegasus. Contrary to Plaintiffs' assertion that they have sufficiently pled their fraud claim, *see* Plaintiffs' Response (Docket Entry No. 33) at 3, the SAC does not set out any actual representation made by Pegasus that is alleged to have been fraudulent or misleading, let alone the type of specific allegations required by Rule 9(b) for a claim of fraud. *See Coffey*, *supra.* Plaintiffs' dissatisfaction with not receiving a payment under the referral bonus program simply does not equate to a fraud claim against Defendant Pegasus.[4]

## E.  Leave to Amend

In their response in opposition to the motion to dismiss, Plaintiffs request the opportunity to amend their complaint "to clarify their claims against Pegasus" should the Court find their SAC to have pleading deficiencies. *See* Response (Docket Entry No. 33) at 6. The Court finds no merit in this request. Plaintiffs were not rushed into filing this lawsuit but waited over two years after the lease agreement ended to file their complaint. They filed a lengthy original complaint, followed by lengthy first and second amended complaints. Plaintiffs have had ample time and opportunity to formulate their claims against Defendant Pegasus. Furthermore, as set out herein, dismissal of the claims is warranted because of a conclusive statute of limitations defense and because of a lack of law and facts to support the claims. The dismissal of the claims brought against Pegasus is not based

---

[4] Because the Court finds that the SAC fails to set out factual allegations that are sufficient to support a claim of fraud against Defendant Pegasus, it is not necessary to address the alternative arguments raised by Pegasus for dismissal of the fraud claim.

upon technical pleading deficiencies that can be cured merely by the filing of a third amended complaint.

While the Court, under Rule 15(a)(2), should freely give a party leave to amend when justice so requires, leave to amend may be denied within the Court's discretion for an "apparent or declared reason." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The reasons noted above justify denying any request to amend. Additionally, Plaintiffs' generic request to amend "if necessary" in response to Defendant Pegasus' sound and persuasive arguments for dismissal falls into the category of a perfunctory or "throwaway" request to amend that is meritless. *See Meadows v. Caliber Home Loans,* 2019 WL 1242667, at *6 (M.D. Tenn. Mar. 18, 2019) (denying the plaintiffs' non-specific request to amend their complaint that was set out as an alternative basis to avoid dismissal of their claims upon a motion to dismiss).

## RECOMMENDATION

For the reasons set out above, it is respectfully **RECOMMENDED** that the motion to dismiss (Docket Entry No. 23) of Defendant Pegasus Residential, LLC be **GRANTED** and that Defendant Pegasus Residential, LLC be **DISMISSED** from this lawsuit.

**ANY OBJECTIONS** to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v.*

13

*Walters*, 638 F.2d 947 (6th Cir. 1981).  Any response to the objections must be filed within fourteen (14) days after service of objections.  *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge